CASE 31—PETITION EQUITY—JUNE 20.

# Hackett, &c., vs. Conn.

APPEAL FROM KENTON CIRCUIT COURT.

An *ex parte* order for executing a decree to foreclose a vendor's lien which had slumbered for six years without any supplemental petition, the holder of the equitable title having died in the meantime, is held to be erroneous, and the sale made under the *ex parte* order set aside. In this case, the holder of the equitable title was not a party to the suit, but had acquired his equity after the rendition of the original decree, with the privity and consent of the plaintiff therein, and had died before the issuance of the *ex parte* order. The plaintiff in the decree became the purchaser at the sale made under the *ex parte* order.

CARLISLE & O'HARA,                                    For Appellants.

PRYOR & CHAMBERS,                                    For Appellee,

CITED—

.5 *Mon.*, 51; 8 *B. Mon.*, 105.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

After a close analysis of all the facts exhibited in the voluminous record in this case, this court deduces the following conclusions as sufficiently established:

1st. That Wm. Hackett, the appellant's father, bought the Bakes tavern-house and appurtenant ground, except one foot from front to rear, when it was sold under Buckner's decree, with Conn's privity and consent, and subject to his lien as vendor of the property to Bakes, in the year 1841, and that Hackett paid the debt due to Buckner, and properly obtained the commissioner's deed for

the interest sold, subject to Conn's lien for what was then due to Conn from Bakes.

2d. That Bakes agreed with Hackett, that if he would also redeem the property from Conn's lien, by paying the amount due to him, he should own the house and lot; and that Conn was privy to and approved that arrangement.

3d. That, under that arrangement, Conn suspended a sale under his previous decree for sale to satisfy the debt due to him as original vendor, and that Hackett, with the consent of both Conn and Bakes, occupied the property as his own in equity until his death.

4th. That Hackett, at two different times, paid to Conn the aggregate sum of fifteen hundred dollars on the debt due to him as vendor, and that the money so paid was Hackett's own money.

5th. That, after Conn's decree for sale had, *on account of the said arrangement with Hackett*, slumbered for six years, Bakes and Conn made a private settlement for ascertaining the balance due to Conn; and, agreeing that it was less than four thousand dollars, agreed also that the house and lot should be sold under the dormant decree for paying that balance, Hackett being then dead, and the appellant, who was his only child and heir, being only about two years old.

6th. That Conn, under that arrangement with Bakes, procured an *ex parte* order for executing his decree of sale made six years before, and, without competition, bought the property for about one hundred and seventy-five dollars more than the debt so agreed to be due to him.

7th. That Hackett's administrator sued Conn for the excess, and obtained it finally by the judgment of this court.

Now, on these facts, it seems to us that the circuit court erred in dismissing the infant heir's petition for setting

aside the sale under Conn's decree, and either redeeming the property from Conn's lien by paying what is justly due to him, or reselling the property for paying his debt.

The suit by the administrator has no effect on the appellant's rights, nor does the settlement made between Conn and Bakes conclude him as to the amount due to Conn.

Under all the circumstances, the *ex parte* order for executing Conn's old decree was erroneous. He ought to have proceeded by supplemental petition against the appellant, on which the rights of all parties might have been adjusted, and the amount really due might have been judicially ascertained.

As the appellant is not concluded by the order for sale, nor by the sale itself, nor by the settlement between Conn and Bakes, all these matters are open for litigation in this suit, and have been so far litigated as to require the reversal of the decree dismissing the appellant's petition.

Wherefore, the decree of dismission is reversed, and the case remanded, with instructions to set aside the sale to Conn, and to ascertain the amount due to him, after charging him with rents and allowing him interest and credit for the amount paid to the administrator; and then, for the amount of balance found to be due, to allow reasonable time to pay it; and for payment, if not so made, to decree a resale of the property; and if it produce more than the amount due to Conn, to decree the excess to the appellant; and if the debt be paid without a resale, the circuit court will require Conn to convey the legal title to the appellant.